UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SWANSON,<br><br>                           Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>                           Respondent. | Case No.: 17cv178 JLS (RBB)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER DENYING REQUEST FOR EVIDENTIARY HEARING [ECF NO. 1]** |

Petitioner George Swanson, a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in the Central District of California on December 12, 2016. (Pet. 1, 11-12, ECF No. 1.)[1] On January 30, 2017, Magistrate Judge Suzanne H. Segal signed an order transferring Swanson's matter to the United States District Court for the Southern District of California. (Order Transferring Action 1-5, ECF No. 4.) Respondent Cynthia Tampkins filed an Answer on June 20, 2017 [ECF No. 13]. No traverse was filed. The Court has

---

[1] The Court will cite to all filings using the page numbers assigned by the electronic case filing system.

considered the Petition, the Answer, and the lodgments.[2]  For the reasons explained below, the Petition [ECF No. 1] should be **DENIED**, and Petitioner's request for an evidentiary hearing is **DENIED**.

## I.  FACTUAL BACKGROUND

On June 14, 2015, Petitioner drove under the influence with three passengers in his vehicle and was involved in an automobile crash.  (Lodgment No. 6, In re Swanson, D071041, order at 2 (Cal. Ct. App. Sept. 28, 2016).)  Swanson subsequently pleaded no contest to one count of driving under the influence of alcohol and causing bodily injury to another person (California Vehicle Code section 23153(a)), two allegations that he proximately caused bodily injury to more than one victim while driving under the influence (California Vehicle Code section 23558), two allegations that he personally inflicted great bodily injury on a victim in the commission of the driving under the influence offense (California Penal Code section 12022.7(a)), one allegation that he was convicted of two or more specified driving offenses within ten years of the current offense (California Vehicle Code section 23566(a)), and one allegation that he drove under the influence causing bodily injury within ten years of a conviction for two or more specific driving offenses (California Vehicle Code section 23566(b)).  (Id. at 1.)  On September 25, 2015, the trial court sentenced Petitioner to seven years, consisting of three years for the substantive offense of driving under the influence of alcohol causing bodily injury to another person (California Vehicle Code section 23153(a)), a one-year enhancement for proximately causing bodily injury to more than one victim (California Vehicle Code section 23558), and a three-year enhancement for inflicting great bodily injury on a victim in the commission of the driving under the influence offense (California Penal Code section 12022.7(a)).  (Id.; see also Lodgment No. 2, People v.

---

[2]  Because Lodgment Nos. 2-5, 7, and 9-10 are not consecutively paginated, the Court has paginated each document and will cite to such documents using the assigned page numbers.

Swanson, No. SCS280066 (Cal. Super. Ct. [certified Sept. 25, 2015]) (abstract of judgment).)

## II. PROCEDURAL BACKGROUND

Petitioner did not appeal the trial court's judgment.[3] On July 11, 2016, Swanson filed a petition for writ of habeas corpus in the San Diego County Superior Court alleging that "[t]he trial court's imposition of consecutive sentence[s] violated [California] Penal Code section 654 and the Double Jeopardy Clause of the Fifth Amendment to the United State[s] Constitution." (Lodgment No. 3, Swanson v. Tampkins, No. HSC 11568 (Cal. Super. Ct. filed July 11, 2016) (petition for writ of habeas corpus at 1, 3, 5-12).) The petition was denied on August 12, 2016. (Lodgment No. 4, In re Swanson, No. HSC 11568, order at 2-4 (Cal. Super. Ct. Aug. 12, 2016).)

On September 21, 2016, Swanson filed a petition for writ of habeas corpus with the California Court of Appeal asserting the same claim. (Lodgment No. 5,

---

[3] The Court notes that Swanson answered the question included in his federal Petition asking whether he "appeal[ed] to the California Court of Appeal from the judgment of conviction" by stating, "Yes," listing case number "D071041," and claiming that the appeal was denied on September 28, 2016. (Pet. 2-3; ECF No. 1.) The appeal number cited by Petitioner represents the "Petition for Writ of Habeas Corpus" he filed with the California Court of Appeal on September 21, 2016, which was denied on September 28, 2016. (See Lodgment No. 5, Swanson v. Tampkins, [D071041] (Cal. Ct. App. filed Sept. 21, 2016) (petition for writ of habeas corpus at 1); Lodgment No. 6, In re Swanson, D071041, order at 1-2 (Cal. Ct. App. Sept. 28, 2016).) Petitioner further claimed in the Petition that he filed a "Petition for Review with the California Supreme Court," case number "S237769," which was denied on November 30, 2016. (Pet. 3; ECF No. 1.) The document, however, was Swanson's "Petition for Writ of Habeas Corpus" filed with the Supreme Court of California on October 13, 2016, and denied on November 30, 2016. (See Lodgment No. 7, Swanson v. Tampkins, No. S237769 (Cal. filed Oct. 13, 2016) (petition for writ of habeas corpus at 1, 3); Lodgment No. 8, Swanson (George) on H.C., Case No. S237769 (Cal. Nov. 30, 2016), California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/ (visited Mar. 22, 2017).) Petitioner also answered whether he "previously filed any habeas petitions in any state court with respect to this judgment of conviction" by stating, "No." (Pet. 3 (emphasis added); ECF No. 1.) Swanson's answers suggest that he conflated his habeas petitions filed in state court, a direct appeal to the California Court of Appeal, and a petition for review to the California Supreme Court. (See id. at 2-3.) He also responded to additional questions in the federal Petition by stating that he did not raise the claim at issue on "direct appeal to the California Court of Appeal" and in a "Petition for Review to the California Supreme Court." (Id. at 5 (emphasis added).)

Swanson v. Tampkins, D071041 (Cal. Ct. App. filed Sept. 21, 2016) (petition for writ of habeas corpus at 1, 3, 6-13).) The court of appeal denied the petition on September 28, 2016. (Lodgment No. 6, In re Swanson, D071041, order at 2.) On October 13, 2016, Petitioner filed a habeas corpus petition raising the same claim in the California Supreme Court. (Lodgment No. 7, Swanson v. Tampkins, No. S237769 (Cal. filed Oct. 13, 2016) (petition for writ of habeas corpus at 1, 3, 7-13).) The California Supreme Court denied the petition on November 30, 2016, without citation or comment. (Lodgment No. 8, Swanson (George) on H.C., Case No. S237769 (Cal. Nov. 30, 2016), California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/ (visited Mar. 22, 2017).)

Petitioner's federal habeas petition was constructively filed on December 12, 2016,[4] and docketed on January 11, 2017. (Pet. 11-12; ECF No. 1). Swanson claims that the trial court's imposition of consecutive sentences violated California Penal Code section 654 and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Id. at 5.)

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2244 (West 2006), applies to all federal habeas petitions filed after April 24, 1996. Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)). AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[4] In Houston v. Lack, 487 U.S. 266, 276 (1988), the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court because the prisoner is unable to control the time of delivery. See Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citations omitted) (stating that petition was constructively filed on the date the petition was postmarked).

4

28 U.S.C.A. § 2254(a) (West 2006); see Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991). Because Swanson's Petition was filed on December 12, 2016, AEDPA applies to this case. See Woodford, 538 U.S. at 204.

Section 2254(d) reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). A petitioner must allege the state court violated his federal constitutional rights. Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400

(9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." <u>Id.</u> at 71. In other words, a federal court is not required to review the state court decision de novo. <u>Id.</u> Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1). <u>Id.</u>

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, <u>as determined by the Supreme Court of the United States</u>.'" <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 521 U.S. 320 (1997). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." <u>Id.</u>

Furthermore, with respect to the factual findings of the trial court, AEDPA provides as follows:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1).

## IV. DISCUSSION

### A. <u>The Trial Court's Sentencing Determination</u>

In the sole claim for relief raised in his Petition, Swanson alleges that the trial court's imposition of consecutive sentences violated California Penal Code section 654 and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (<u>See</u> Pet. 5, ECF No. 1.) He argues that California Penal Code section 654 and the Double Jeopardy Clause protect against multiple punishments for the same

6

17cv178 JLS (RBB)

offense, and that the trial court's sentencing enhancements amounted to such multiple punishments. (See id. at 5, 7; see also Lodgment No. 7, Swanson v. Tampkins, No. S237769 (petition for writ of habeas corpus at 8.) Respondent contends that Petitioner's claim is procedurally barred because it was not raised on direct appeal. (Answer Attach. #1 Mem. P. & A. 4-5). In the alternative, Warden Tampkins maintains that Swanson's claim fails on the merits because the trial court's imposition of consecutive terms for the aggregate sentence comported with state and federal law. (Id. at 6-9.)

### 1. Procedural default

Respondent asserts that Petitioner's claim is procedurally defaulted because it "arose solely from the trial record," and in California, such claims must be raised on direct appeal. (Answer Attach. #1 Mem. P. & A. 4-5, ECF No. 13 (citing In re Dixon, 41 Cal. 2d 756, 759 (1953); Johnson v. Lee, 578 U.S. __, __, 136 S. Ct. 1802, 1804 (2016).) Tampkins contends that the state appellate court's denial of the claim for failure to raise it on direct appeal constitutes an independent and adequate procedural ground, and that Swanson failed to establish cause and prejudice or a fundamental miscarriage of justice. (Id.) Respondent thus asserts that the claim is barred and should be dismissed with prejudice. (Id.)

Petitioner concedes that he neither "raise[d] the claim on direct appeal to the California Court of Appeal" nor in his "Petition for Review to the California Supreme Court." (Pet. 5; ECF No. 1.) Swanson does not otherwise provide any arguments or facts with respect to the procedural default issue. (See id.)

State courts may decline to review a claim because of a procedural default, absent a showing of "cause" and "prejudice." Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). A petitioner who has defaulted federal claims by not complying with rules to raise them in state court

meets the technical requirements for exhaustion because there are no longer any state remedies available. Id. at 732 (citing 28 U.S.C. § 2254(b); Engle v. Issac, 456 U.S. 107, 125-26 n.28 (1982)); see also Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011) (finding that "technically exhausted" claims are procedurally defaulted if the procedural rule that would be imposed is independent and adequate).

Nevertheless, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Beard v. Kindler, 558 U.S. 53, 55 (2009) (alteration in original) (quoting Coleman, 501 U.S. at 729). "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994) (citing Ford v. Georgia, 498 U.S. 411, 424-25 (1991)).

Even if a basis for a state procedural bar exists, it "does not prevent a federal court from resolving a federal claim unless the state court actually relied on the state procedural bar 'as an independent basis for its disposition of the case.'" Evans v. Chavis, 546 U.S. 189, 206 (2006) (quoting Harris v. Reed, 489 U.S. 255, 261-62 (1989)). A procedural default does not preclude a court from considering a federal claim on habeas review "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263 (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). At the same time, "a state court need not fear reaching the merits of a federal claim in an alternative holding." Id. at 264 n.10. If the state court explicitly invokes a state procedural bar as a distinct basis for its decision, the federal habeas court is required "to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Id. (citing Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935)).

The respondent has the initial burden of pleading an adequate and independent procedural bar as an affirmative defense in a habeas case. See Insyxiengmay v. Morgan,

403 F.3d 657, 665-66 (9th Cir. 2005); Bennett v. Mueller, 322 F.3d 573, 585 (9th Cir. 2003). In this case, Tampkins has carried that initial burden by pleading that Swanson forfeited his claim by failing to raise it on direct appeal. (Answer Attach. #1 Mem. P. & A. 5, ECF No. 13.) The burden has therefore shifted to Petitioner to challenge the adequacy and independence of the procedural bar. Bennett, 322 F.3d at 586. Swanson may meet his burden by pointing to factual allegations and case authority demonstrating inconsistent applications of the procedural rule. See id. If Petitioner makes a sufficient challenge, Respondent must carry the ultimate burden of proving the adequacy of the state bar. Id.; see also Insyxiengmay, 403 F.3d at 666.

The Court, however, need not determine whether Petitioner has made a showing sufficient to shift the burden back to Respondent or whether Respondent has carried the ultimate burden of establishing that the procedural bar is adequate and independent. The interests of judicial economy favor reaching the merits of Swanson's claim regardless of the independence and adequacy of the procedural bar applied by the state court. The Ninth Circuit has indicated that "[p]rocedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.")). "[A]ppeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar." Id.; see also Flournoy v. Small, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("[W]e are not required to [resolve the issue of procedural bar prior to any consideration of the merits on habeas review] when a petition clearly fails on the merits."). District courts, including this Court, have applied the same rationale to a variety of habeas claims. See Trayers v. Johnson, Civil No. 15cv0924-H (BLM), 2016 WL 4126385, at *13 (S.D. Cal. Apr. 29, 2016) (finding that "the interests

9

17cv178 JLS (RBB)

of judicial economy support[ed] addressing the merits of [petitioner's claim] without determining whether it [was] procedurally defaulted[,]" where the claim failed on the merits); Loza v. Sherman, Civil No. 14cv01969 JAH (RBB), No. 10, slip op. at 23-30 (S.D. Cal. Sept. 17, 2015) (deciding the merits of the Eighth Amendment violation claim rather than resolving the issue of procedural bar); Royle v. Long, Civil No. 12cv659 LAB (RBB), 2013 WL 4679958, at *15-19 (S.D. Cal. June 30, 2013) (addressing the merits of a prosecutorial misconduct claim rather than the procedural bar); Broadnax v. Beard, Civil No. 12cv0560–GPC(RBB), 2013 WL 1942196, at *20-27 (S.D. Cal. May 8, 2013) (considering the petitioner's instructional error claim in the interest of judicial economy rather than resolving the procedural bar issue); Lima v. Cate, No. 06–CV–02388–AJB (BGS), 2012 WL 4109680, at *7 (S.D. Cal. Sept. 14, 2012) (citation omitted) (finding that "judicial economy counsel[ed] reaching the merits of [p]etitioner's claims without a determination of whether the state procedural bar applied in [the] case was clearly established and had been consistently applied by the California courts[]"); Levi v. Almager, No. CV 08–4261–PSG (CW), 2011 WL 2672351, at *3-6 (C.D. Cal. May 6, 2011) (deciding the delayed access to law library claim rather than resolving the procedural bar question first).

As set forth below, the California Court of Appeal, in addition to holding that Petitioner forfeited his claim, concluded that the claim failed on its merits. (Lodgment No. 6, In re Swanson, D071041, order at 2.) Judicial economy counsels reaching the substance of Swanson's claim without a determination of whether the state procedural bar applies in this case. This approach is consistently applied by federal courts. Accordingly, the Court will consider the claim on the merits.

### 2. Merits

Petitioner alleges that the trial court's imposition of consecutive sentences violated California Penal Code section 654 and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Pet. 5, ECF No. 1.) Swanson appears to argue that his crime involved only a single criminal objective (driving under the influence

of alcohol) and arose out of the same transaction, thereby precluding multiple punishments. (See id. at 6-7; see also Lodgment No. 7, Swanson v. Tampkins, No. S237769 (petition for writ of habeas corpus at 7, 9-13) (containing Petitioner's argument that "[t]he Double Jeopardy Clause and [California Penal] Code Section 654 preclude imposition of sentence[s] on both counts where the causing bodily injury or personally inflicting great bodily injury had the sole objective of driving under the influence causing bodily injury[]").)

Respondent asserts that California courts reasonably denied Petitioner's claim "because imposition of consecutive terms for the aggregate sentence comported with both state and federal law." (Answer Attach. #1 Mem. P. & A. 6, ECF No. 13.) Tampkins contends that Swanson's claim alleging violations of state law is not cognizable on federal habeas review. (Id. at 7.) She further maintains that Petitioner's constitutional claim fails because sentence enhancements increase a sentence "because of the manner in which the crime was committed" and do not amount to "punishment" within the meaning of the Double Jeopardy Clause. (Id. at 8 (citations omitted).) Respondent also claims that double jeopardy violations do not occur when the state's legislature has authorized a sentence, and that California courts have determined that "the state [l]egislature authorized the cumulative punishment to which Petitioner is subject . . . ." (Id.; see also id. at 2.)

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnmeaker, 501 U.S. 797, 801-06 (1991). Because the California Supreme Court denied Swanson's petition for review without comment, (see Lodgment No. 8, Swanson (George) on H.C., Case No. S237769, California Appellate Courts, Case Information, http://appellatecases.courtinfo.ca.gov/ (visited Mar. 22, 2017)), the Court looks to the California Court of Appeal's decision. Ylst, 501 U.S. at 801-06. The state appellate court rejected Petitioner's claim reasoning as follows:

/ / /

Even if this court considers the merits of Swanson's argument, he is not entitled to relief. As he admits in his writ petition, the charges stem from an automobile crash in which Swanson was driving under the influence with three passengers. Penal Code section 654, and the constitutional prohibition against double jeopardy, protects a defendant from multiple punishments for the same offense. (See, e.g., People v. Anderson (2009) 47 Cal.4th 92, 103-104, 117.) However, in cases involving a charge of driving under the influence with injury to multiple victims, enhancements pursuant to Penal Code section 12022.7 or Vehicle Code section 23558 may be added for each additional victim. (See People v. Arndt (1999) 76 Cal.App.4th 387, 396-398.) Here, Swanson received sentence enhancements, one pursuant to Penal Code section 12022.7 and another pursuant to Vehicle Code section 23558, for each of his additional victims. The trial court correctly imposed the sentence and Swanson is not entitled to relief.

(Lodgment No. 6, In re Swanson, D071041, order at 2.)

The Court initially notes that to the extent Petitioner alleges that the state trial court's imposition of consecutive sentences violated California Penal Code section 654[5] [Pet. 5, ECF No. 1], "only noncompliance with federal law . . . renders a State's criminal judgment susceptible to collateral attack in the federal courts." Wilson v. Corcoran, 562 U.S. 1, 5 (2010); see also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citation omitted) (internal quotation marks omitted) ("[F]ederal habeas corpus relief does not lie for errors of state law."); Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)) ("'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"). "The

---

[5] The relevant part of California Penal Code section 654(a) provides:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Cal. Penal Code §654(a) (West 2010).

decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971)); see also Watts v. Bonneville, 879 F.2d 685, 687-88 (9th Cir. 1989) (holding that an alleged improper application of California Penal Code section 654 did not state a cognizable federal habeas claim); Caines v. Gastelo, NO. EDCV 14-2407 PA (KS), 2016 WL 7404783, at *28 (C.D. Cal. Nov. 2, 2016) (citation omitted) ("[A] claim that the state court violated its own sentencing law, as set forth in [California Penal Code section] 654, is not cognizable on federal habeas review."); Hooks v. Busby, No. 1:12–cv–00963 MJS (HC), 2014 WL 2890396, at *9 (E.D. Cal. June 25, 2014) ("Petitioner's allegation that the imposition of consecutive sentencing violated California Penal Code [section] 654 is not cognizable in a federal habeas proceeding."). Accordingly, Swanson's claim that the state trial court failed to properly apply state sentencing law is not cognizable on habeas review. See id.

Turning to Petitioner's claim that the trial court's imposition of consecutive sentences for injury enhancements violated the Double Jeopardy Clause of the United States Constitution [Pet. 5, ECF No. 1], the Fifth Amendment's Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[,]" U.S. Const. amend. V; see also Monge v. California, 524 U.S. 721, 727-28 (1998) (citation omitted) (stating that the Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense[]"). "A state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause." Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987) (citing Albernaz v. United States, 450 U.S. 333 (1981)). The test that determines whether convictions violate double jeopardy is "whether there are two offenses or only one," which is established by evaluating "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932) (citation

omitted); see also Dowling v. United States, 493 U.S. 342, 355 (1990) (citing Blockburger, 284 U.S. at 304) ("Two offenses are considered the 'same offense' for double jeopardy purposes unless each offense requires proof of a fact that the other does not."). "[The] analysis focuses on the statutory elements of the offenses . . . ." United States v. Overton, 573 F.3d 679, 691 (9th Cir. 2009) (citation omitted); see also Rhoden v. Rowland, 10 F.3d 1457, 1461-62 (9th Cir. 1993) (holding that there was no violation of the Double Jeopardy Clause where sentences were imposed for distinct crimes).

Petitioner's contention that his crime involved only a single criminal objective, thereby precluding multiple punishment, is misplaced. (See Pet. 6-7, ECF No. 1; Lodgment No. 7, Swanson v. Tampkins, No. S237769 (petition for writ of habeas corpus at 7, 9-13).) The felony complaint alleged that "on June 14, 2015, the defendant, GEORGE BEECHER SWANSON, while driving a motor vehicle in the commission of the above offense, proximately caused bodily injury or death to more than one victim, . . . Gerardo Figueroa, within the meaning of VEHICLE CODE SECTION 23558." (Lodgment No. 10, People v. Swanson, CT No. SC280066 (Cal. Super. Ct. [certified Sept. 25, 2015]) (complaint-felony at 2).) The complaint contained an identical allegation with respect to another victim, Caesar Jimenez. (Id.) It also alleged that "in the commission and attempted commission of the above offense the defendant, GEORGE BEECHER SWANSON, personally inflicted great bodily injury upon Gerardo Figueroa, not an accomplice in the above offense, within the meaning of PENAL CODE SECTION 12022.7(a)." (Id. at 3.) The complaint contained an identical allegation with respect to the second victim, Caesar Jimenez. (Id.) As noted above, Petitioner pleaded no contest to, among other things, driving under the influence of alcohol causing bodily injury to another person (California Vehicle Code section 23153(a)), two allegations that he proximately caused bodily injury to more than one victim in one instance of driving under the influence (California Vehicle Code section 23558), and two allegations that he personally inflicted great bodily injury on a victim (California Penal Code section 12022.7(a)). (Lodgment No. 6, In re Swanson, No. D071041, order at 1.)

Swanson was sentenced for the substantive offense (California Vehicle Code section 23153(a)) and received two enhancements: one for proximately causing bodily injury to more than one victim (California Vehicle Code section 23558) and another for inflicting great bodily injury in the commission of the driving under the influence offense (California Penal Code section 12022.7(a)). (Id.)

Sentence enhancements do not "punish" a defendant within the meaning of double jeopardy. See United States v. Watts, 519 U.S. 148, 154 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.") (citing Witte v. United States, 515 U.S. 389, 402-03 (1995)). Even where the offense is the same, the guarantee against double jeopardy does not preclude cumulative punishments in a single prosecution. See Missouri v. Hunter, 459 U.S. 359, 366-67 (1983); United States v. Kuchinski, 469 F.3d 853, 859 (9th Cir. 2006). So long as the state legislature intended to impose multiple punishments, double jeopardy principles do not apply. Hunter, 459 U.S. at 368-69 (holding that sentence enhancements that increase the penalty for a crime based on the offender's conduct do not violate double jeopardy principles where cumulative punishment has been authorized under two statutes, "regardless of whether those two statutes proscribe the 'same' conduct under Blockburger"); Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (citing Hunter, 459 U.S. at 368-69) ("When the legislature intends to impose multiple punishments, double jeopardy is not invoked.").

California Vehicle Code section 23558 provides for a one-year enhancement for "[a] person who proximately causes bodily injury or death to more than one victim in any one instance of driving in violation of Section 23153" for "each additional injured victim," up to a total of three enhancements. Cal. Veh. Code § 23558 (West 2014). A plain reading of the section indicates that the California Legislature intended to impose longer prison sentences for defendants who injured more than one victim while driving under the influence. See Friend v. Beard, No. SA CV 13–840(CJC)(MRW), 2014 WL

15

17cv178 JLS (RBB)

897331, at *12 (C.D. Cal. Mar. 4, 2014) ("On its face, [California Vehicle Code section 23558] allows a trial court to enhance the single felony conviction upon proof that there were additional victims. That circumstance obviously raises no double jeopardy concerns.") Further, in denying Petitioner's claim, the state appellate court stated that "in cases involving a charge of driving under the influence with injury to multiple victims, enhancements pursuant to . . . Vehicle Code section 23558 may be added for each additional victim[,]" and that Swanson properly received a sentence enhancement "pursuant to Vehicle Code section 23558, for each of his additional victims." (Lodgment No. 6, In re Swanson, D071041, order at 2.) The interpretation of the legislative intent and the application of the statute by the state court are binding on this Court, and precludes a finding of a double jeopardy violation. See Hunter, 459 U.S. at 368-69; Plascencia, 467 F.3d at 1204.

Petitioner's second enhancement totaling three years was pursuant to California Penal Code section 12022.7(a), which mandates that "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." Cal. Penal Code §12022.7(a) (West 2012). Section 12022.7(g) further provides that the section is not applicable "to murder or manslaughter or a violation of Section 451 or 452," and that subdivision (a) does not apply if "infliction of great bodily injury is an element of the offense." Cal. Penal Code §12022.7(g). Petitioner pleaded nolo contendre to driving under the influence of alcohol causing bodily injury to another person (California Vehicle Code section 23153(a)), which is not an enumerated offense under California Penal Code section 12022.7(g). Furthermore, the infliction of great bodily injury is not an element of that offense. See Cal. Veh. Code § 23153(a) ("It is unlawful for a person, while under the influence of any alcoholic beverage, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."); Thompson v. Fox, Case No.

14–CV–05178–LHK, 2015 WL 4593713, at *6 (N.D. Cal. Jul. 29, 2015) (citations omitted) ("[T]he offense of driving under the influence of alcohol and causing personal injury does not include 'great bodily injury' as an element such that imposition of a sentencing enhancement pursuant to [California Vehicle Code section] 12022.7 would be improper.") Therefore, the language of California Vehicle Code section 12022.7 indicates that the state legislature intended that an enhanced sentence could be imposed under those circumstances.

The San Diego Superior Court addressed Swanson's claims and reasoned, in pertinent part, as follows:

> Proximately causing injury <u>to more than one</u> victim is not an element of the offense and neither is personally inflicting great bodily injury on someone other than the accomplice. Therefore, application of the enhancements to petitioner's conviction offense did not offend [California] Penal Code [section] 654.
>
> Additionally, section 23558 does not preclude application of [California] Penal Code [section] 12022.7(a) as an enhancement when [California Vehicle Code] section 23558 is also imposed. Petitioner was properly sentenced.

Lodgment No. 4, <u>In re Swanson</u>, No. HSC 11568, order at 3.

The California Court of Appeal noted that "in cases involving a charge of driving under the influence with injury to multiple victims, enhancements pursuant to Penal Code section 12022.7 . . . may be added for each additional victim," and that the trial court properly imposed a sentence enhancement pursuant to the section in Petitioner's case. (Lodgment No. 6, <u>In re Swanson</u>, D071041, order at 2.)

This Court is required to defer to the state courts' interpretation and application of state law with respect to the propriety of Petitioner's sentence under California law. <u>See</u> <u>Hunter</u>, 459 U.S. at 368-69; <u>Plascencia</u>, 467 F.3d at 1204. Because the state legislature has authorized an enhanced sentence imposed on Petitioner, there is no violation of the Double Jeopardy Clause. <u>See</u> <u>id.</u>; <u>see also</u> <u>Dut Hing Chiu v. Kirkland</u>, No. CIV S–06–

17

1  962 MCE CHS P, 2009 WL 981703, at *10 (E.D. Cal. Apr. 13, 2009) (rejecting petitioner's claim that his sentence enhancements violated the Double Jeopardy Clause).

For all the reasons stated above, Swanson's claim fails. Accordingly, the California Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. See 28 U.S.C.A. 2254(d)(1). As a result, Petitioner is not entitled to federal habeas relief on the claim alleging violations of the Double Jeopardy Clause, and the claim should be **DENIED**.

**B.   Request for Evidentiary Hearing**

In the Petition, Swanson also requests an evidentiary hearing. (Pet. 7-8, ECF No. 1.) He has not, however, presented any facts that would warrant an evidentiary hearing. See Insyxiengmay, 403 F.3d at 670 (stating that the petitioner must demonstrate he failed to develop the factual basis of his claims in state court and that his request comes within one of two exceptions in § 2254(e)(2)(A) and (B)). If the factual basis for the claim was developed in state court, the federal court considers whether an evidentiary hearing is appropriate or required under Townsend v. Sain, 372 U.S. 293 (1963). See Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999) (citation omitted). Swanson has not carried his burden, and his request for an evidentiary hearing is therefore **DENIED**.

## V.   CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus [ECF No. 1] should be **DENIED**. Petitioner's request for an evidentiary hearing is **DENIED**. This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **December 22, 2017**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **January 15, 2018**.

/ / /

/ / /

1 | The parties are advised that failure to file objections within the specified time may
2 | waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157
3 | (9th Cir. 1991).
4 |     IT IS SO ORDERED.

6 | Dated:  November 16, 2017

*[signature]*
Hon. Ruben B. Brooks
United States Magistrate Judge

9 | cc:   Judge Sammartino
10 |       All Parties of Record

19

17cv178 JLS (RBB)