UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SWANSON,<br><br>                      Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>                      Respondent. | Case No.: 17-CV-178 JLS (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE PETITION FOR HABEAS CORPUS**<br><br>(ECF No. 15) |

Petitioner George Swanson has filed a Petition for Writ of Habeas Corpus, ("Petition," ECF No. 1), to which Respondent Cynthia Tampkins has filed a Response, ("Response," ECF No. 13). Petitioner did not file a traverse. Magistrate Judge Rueben B. Brooks issued a Report and Recommendation, recommending the Court deny Petitioner's Petition, ("R&R," ECF No. 15). Judge Brooks ordered objections to the R&R to be filed no later than December 22, 2017. Petitioner did not file objections.

Having considered the Parties' arguments and the law, as well as the underlying state court record, the Court **ADOPTS** Judge Brooks's Report and Recommendation, and **DENIES** Petitioner's Petition for Habeas Corpus.

///

///

///

## BACKGROUND

Judge Brooks's R&R contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Petitioner's claims. (*See* R&R 2–4.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner filed the present Petition pursuant to 28 U.S.C. § 2254(d). Judge Brooks reviewed Petitioner's arguments, and the Court will do the same. Petitioner has not objected to the R&R; thus, the Court applies a clear error standard of review.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may grant habeas relief only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Under § 2254(d)(1), federal law must be "clearly established" to support a habeas claim. Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court's decision may be "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406. A state court decision does not have to demonstrate an awareness of clearly established Supreme Court precedent, provided neither the reasoning nor the result of the state court decision contradict such precedent. *Early*, 537 U.S. at 8.

A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. An unreasonable application may also be found "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

Relief under the "unreasonable application" clause of § 2254(d) is available "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 134 S. Ct. 1697, 1706–07 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). An unreasonable application of federal law requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). Instead, the state court's application must be "objectively unreasonable." *Id.*; *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Even if a petitioner can satisfy § 2254(d), the petitioner must still

demonstrate a constitutional violation. *Fry v. Pliler*, 551 U.S. 112, 119–22 (2007). With this general framework in mind, the Court turns to Petitioner's claim.

## I. Procedural Default

Petitioner raises only one claim: the trial court violated California Penal Code § 654 and the Fifth Amendment's prohibition against Double Jeopardy by imposing sentencing enhancements. (R&R 6–7 (citing Petition 5, 7).) Petitioner argues that the sentencing enhancements were consecutive sentences thus violating section 654 and the Fifth Amendment. (Petition 3.) As Judge Brooks recognized, Petitioner failed to raise this claim on direct appeal. (R&R 7.) Respondent contends that Petitioner's failure to raise his claim on direct appeal bars federal habeas review because the failure to raise the claim acts as an adequate and independent ground to deny the habeas Petition. (Response 5.)

"Federal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1803–04 (2016) (per curiam) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The Supreme Court has held that California's so-called *Dixon* bar, *see In re Dixon*, 41 Cal. 2d 756 (1953), constitutes an adequate state procedural rule. *See Johnson*, 136 S. Ct. at 1805. *Dixon* requires criminal defendants to raise available claims on direct appeal. 41 Cal. 2d at 759. Here, Petitioner was obligated to raise his claim on direct appeal and failed to do so.

The next issue is whether the California state courts that reviewed Petitioner's habeas claim relied on *Dixon* as an adequate and independent procedural ground. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Because the California Supreme Court did not issue a written opinion, (*see* Lodgment No. 8, ECF No. 14-8, at 1), the Court assumes it rejected Petitioner's claim on the same ground as the California Court of Appeal. *See Ylst*, 501 U.S. at 803 ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, [a

court] presumes that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

The California Court of Appeal explicitly relied on *Dixon* to hold Petitioner's claim was procedurally barred. (Lodgment No. 6, ECF No. 14-6, at 1.) This constitutes an adequate and independent ground, *see Johnson*, 136 S. Ct. at 1805, and a federal habeas court cannot grant relief.

Judge Brooks determined that the Court should consider the merits of Petitioner's claim because judicial economy favors resolving the merits of a habeas claim if a procedural bar is more complex than the merits issues. (R&R 9 (citing, e.g., *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)).) This Court holds that Petitioner's claims are procedurally defaulted, but considers the merits of Petitioner's claim as an alternative ground.

## II. Claim One: Sentence Enhancements

Petitioner argues that the trial court's imposition of consecutive sentences violated California Penal Code § 654 and the Double Jeopardy clause of the Fifth Amendment. (R&R 10 (citing Petition 5).) Judge Brooks interpreted Petitioner's argument as contending that his crime only involved a single criminal objective and therefore the State cannot impose multiple punishments for one criminal transaction. (*Id.* at 10–11 (citing Petition 6–7; and Lodgment No. 7, ECF No. 14-7, at 7, 9–13 (state habeas petition)).)

Judge Brooks first determined that "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." (R&R 12–13 (quoting *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).) As Judge Brooks noted, it is well-established that improper application of California Penal Code § 654 is not cognizable as a federal habeas claim. (*Id.* at 13 (citing, e.g., *Watts v. Bonneville*, 879 F.2d 685, 687–88 (9th Cir. 1989)).) The Court agrees—28 U.S.C. § 2254(a) only permits relief for violations of federal law. *See also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal

5

17-CV-178 JLS (RBB)

habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984))).

Judge Brooks next considered Petitioner's Fifth Amendment argument. The Fifth Amendment "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727–28 (1998) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). However, as Judge Brooks recognized, "[a] state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause." (R&R 13 (quoting *Walker v. Endell*, 850 F.3d 470, 476 (9th Cir. 1987)).)

District courts apply the *Blockburger* test to determine whether multiple convictions violate the prohibition on double jeopardy. The rule is "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (citing *Gavieres v. United States*, 220 U.S. 338, 342 (1911)). Petitioner's felony complaint included a violation of the substantive crime, California Vehicle Code § 23153(a), and two enhancements, Vehicle Code § 23558 and Penal Code § 12022.7. (R&R 14–15 (citing Lodgment No. 6, at 1).) Judge Brooks reasoned that both sentence enhancements contain statutory elements beyond those required for the substantive offense. (*See* R&R 15–17.) Section 23558 requires multiple persons and section 12022.7 requires great bodily injury—neither is an element in Vehicle Code § 23153(a). Thus, Petitioner was properly charged for the substantive offense of driving under the influence of alcohol as well as causing bodily injury to more than one person, Vehicle Code § 23558, and causing great bodily injury to any person other than an accomplice in the commission of a felony, Penal Code § 12022.7.

Both the San Diego Superior Court and the California Court of Appeal arrived at the same conclusion when considering Petitioner's state habeas claim. (R&R 17 (citing Lodgment No. 4, ECF No. 14-4, at 3; and Lodgment No. 6, at 2).) Thus, Judge Brooks

correctly determined that the California Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (*Id.* at 18 (citing 28 U.S.C. § 2254(d)(1)).)

In light of the foregoing, the Court finds no error in Judge Brooks's finding and **ADOPTS** the R&R as to Petitioner's claim and **DENIES** Petitioner's claim.

## III. Evidentiary Hearing

Petitioner requests an evidentiary hearing. (Petition 7–8.) Judge Brooks determined that Petitioner has not presented any facts warranting an evidentiary hearing. (R&R 18 (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005)).)

"In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (citing *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994); and *Townsend v. Sain*, 372 U.S. 293, 312 (1963)). "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Id.* (citing *Campbell*, 18 F.3d at 679; and *United States v. Moore*, 921 F.2d 207, 211 (9th Cir. 1990); and *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986)).

Judge Brooks's finding as to Petitioner's claim was based on the legal conclusion that Petitioner was procedurally barred from raising his claim and, alternatively, that Petitioner's claim failed on the merits as a matter of law. Accordingly, the issues Petitioner raised may be resolved by reference to the state court record and an evidentiary hearing is not warranted. The Court **DENIES** Petitioner's request for an evidentiary hearing.

## IV. Certificate of Appealability

Petitioner does not request a certificate of appealability. When a district court enters a final order adverse to a petitioner in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller–El*, 537 U.S. at 335–36. The federal rules

governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set forth above, Petitioner has not shown "that reasonable jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 743, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, (ECF No. 15), and **DENIES** Petitioner's Petition for Habeas Corpus, (ECF No. 1). Because this Order concludes litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Janis L. Sammartino
United States District Judge